1  Ronald Wilcox, #176601
   Attorney at Law
2  2160 The Alameda, First Floor
   San Jose, CA 95126
3  Tel: (408) 296-0400
   Fax: (408) 296-0486
4  ronaldwilcox@post.harvard.edu

5  Balam O. Letona, #229642
6  Law Office of Balam O. Letona, Inc.
   1347 Pacific Ave., Suite 203
7  Santa Cruz CA 95060-3940
   Tel: (831) 421-0200
8  Fax: (831) 621-9659
   letonalaw@gmail.com
9
   Attorneys for Plaintiff
10

**ADR**

**E-FILING**

**E-FILING**

**ORIGINAL FILED**

JUL 1 5 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

## UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

11

12

| | |
|---|---|
| 13   CYNDI L. MACDONALD, | **CIV. NO.** |
| 14        Plaintiff, | **C08  03403** RMW |
| 15   vs. | **RS** |
| 16   LAW OFFICE OF DAVID SEAN DUFEK, | **COMPLAINT** |
| 17   DAVID SEAN DUFEK, ARTURO LOPEZ, | **JURY TRIAL DEMANDED** |
|      ARROW FINANCIAL SERVICES, LLC; | |
| 18   and DOES 1-10, | |
| 19        Defendants. | |

### I. INTRODUCTION

20

21  1. Plaintiff is an Elementary School teacher in East San Jose. Defendants falsely threatened

22  Plaintiff with imminent arrest, and falsely stated a legal action was already pending, in an

23  attempt to collect an alleged debt. Defendants abusively and intrusively called Plaintiff while

24  she was teaching, despite being informed it was an inconvenient time to talk. Defendants

25  threatened to have "marshals" come and arrest Plaintiff while she was teaching unless she made

26

COMPLAINT:  Page 1

1    payment within one hour. Relentless, Defendants called back immediately after a call was

2    terminated.

3    2. Defendants are debt collectors. In the course of operating their business it is the pattern and

4    practice, and business plan, of the Defendants to falsely threaten California consumers with

5    imminent legal and criminal proceedings.

6    3. The Plaintiff herein suffered physical and emotional injury, including, but not limited to,

7    sleeplessness, high blood pressure, diarrhea, anxiety, nervousness, fear, loss of appetite and

8    nausea.

9    4. In enacting the FDCPA Congress stated (15 U.S.C. 1692):

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt
10    collection practices by many debt collectors. Abusive debt collection practices
       contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs,
11    and to invasions of individual privacy.

12    (b)    Existing laws and procedures for redressing these injuries are inadequate to protect
       consumers.
13

14    (c)    Means other than misrepresentation or other abusive debt collection practices are available
       for the effective collection of debts.

15    (d)    Abusive debt collection practices are carried on to a substantial extent in interstate
       commerce and through means and instrumentalities of such commerce. Even where abusive
16    debt collection practices are purely intrastate in character, they nevertheless directly affect
17    interstate commerce.

18    (e)    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors,
       to insure that those debt collectors who refrain from using abusive debt collection practices
19    are not competitively disadvantaged, and to promote consistent State action to protect
       consumers against debt collection abuses.
20

21                              **II. JURISDICTION**

22    5. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), and

23    supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

24

25

26

# III. PARTIES

6. Plaintiff CYNDI L. MACDONALD is a natural person residing in Santa Cruz County, California. Ms. MacDonald is a consumer as defined by 15 U.S.C. 1692a(3) and Civil Code §1788.2.

7. Defendant LAW OFFICE OF DAVID SEAN DUFEK ("LAW OFFICE") is a collection law firm with a principal place of business at 2655 Camino Del Rio North, Suite 110, San Diego, CA 92108.

8. LAW OFFICE is engaged in the business of collecting debts in California. The principal purpose of LAW OFFICE is the collection of debts using the mails and telephone, and LAW OFFICE regularly attempts to collect debts alleged to be due another. LAW OFFICE is a debt collector as that is defined by 15 U.S.C. 1692a(6) and Civil Code §1788.2. LAW OFFICE, engaged in, approved of, and/or ratified the conduct of the other Defendants described herein.

9. Defendant DAVID SEAN DUFEK ("DUFEK") is a California attorney, with a principal place of business at 2655 Camino Del Rio North, Suite 110, San Diego, CA 92108. DUFEK is an employee of LAW OFFICE. DUFEK regularly attempts to collect debts alleged to be due another. DUFEK is a debt collector as that is defined by 15 U.S.C. 1692a(6). DUFEK engaged in, approved of, and/or ratified the conduct of the other Defendants described herein.

10. Defendant ARTURO LOPEZ ("LOPEZ") is an individual, and an employee of LAW OFFICE. LOPEZ regularly attempts to collect debts alleged to be due another. LOPEZ is a debt collector as that is defined by 15 U.S.C. 1692a(6) and Civil Code §1788.2.

11. ARROW FINANCIAL SERVICES, LLC. ("ARROW") is engaged in the business of collecting debts in California. The principal purpose of ARROW is the collection of debts using the mails and telephone, and ARROW regularly attempts to collect debts alleged to be due another. ARROW is a debt collector as that is defined by 15 U.S.C. 1692a(6) and Civil Code §1788.2. ARROW, engaged in, approved of, and/or ratified the conduct of the other Defendants

1    described herein.

2    12. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or

3    otherwise, or defendants sued herein as Does One through Ten. Plaintiff will seek leave to

4    amend this complaint when the true names and capacities of said defendants are ascertained.

5    Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the

6    agent, servant, employee and/or other representative of the other Defendants, and in doing the

7    things herein alleged, was acting in the scope, purpose and authority of such agency, service

8    employment, and/or other representative capacity with the permission, knowledge consent and

9    ratification of the other Defendants. At all times herein mentioned, each of the Defendants was

10   an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendant and

11   each of them, and at all said times, each Defendant was acting in the full course and scope of

12   said office, directorship, agency, service, employment and/or joint venture. Defendants

13   authorized, approved and/or ratified the unlawful conduct herein.

14

15    ## IV. FACTS

16    **FALSE THREAT OF ARREST, ABUSIVE AND INTRUSIVE CALL**

17    13. In or around January 2008, the Defendants abused and harassed Plaintiff in an attempt to

18    collect an alleged debt. The debt Defendants attempted to collect was a consumer debt as

19    defined by the FDCPA and CA FDCPA.

20    14. In or around January 2008, the Defendants telephoned the Plaintiff herein while she was

21    teaching at her elementary school in East San Jose.

22    15. Plaintiff indicated it was inconvenient for her talk, and that she was currently in the middle of

23    teaching a class, and the call was terminated.

24    16. Defendants, abusively and intrusively, immediately called Plaintiff back at the school.

25    17. Defendants demanded that there was a legal action pending against Plaintiff, threatened that

26

Defendants would forward the matter to the "Marshals", and demanded a payment within one-hour.

18. Defendants' calls were abusive, intrusive, false, deceptive and misleading.

19. Defendants' calls were annoying and harassing, and had the natural consequence to annoy and harass.

20. Defendants falsely demanded a legal action was already pending.

21. Defendants falsely threatened arrest.

22. Defendants created a false sense of urgency.

23. Defendants failed to provide notices required by Federal and State law.

## UNLAWFUL COLLECTION LETTER

24. On or about January 12, 2008, Plaintiff received a collection letter from Defendants, dated January 10, 2008.

25. This is the first written communication Plaintiff received from Defendants.

26. Defendants' January 10, 2008 letter failed to provide Plaintiff with proper notification of her rights under 15 U.S.C. §1692g.

27. Defendants' January 10, 2008 letter failed to provide Plaintiff with proper notification of her rights under Civil Code §1812.700.

## FURTHER UNAWFUL COLLECTION CALL

28. Later in January, Defendants called Plaintiff again, and failed to provide notices as required by Federal and State law.

29. Relenting to the Defendants' extortionist threats, Plaintiff continued to make payments to GE Money Bank regarding the debt.

30. In or around January 2007, it was the pattern, practice, and business plan of the Defendants to engage in the abusive and deceptive conduct complained of herein.

31. The actions complained of herein caused the Plaintiff actual damages. Such damages include actual physical injury; severe and substantial mental distress; sleeplessness, high blood pressure, diarrhea, anxiety, nervousness, fear, loss of appetite and nausea.

## V. FIRST CAUSE OF ACTION - FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

33. Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations §§ 1692c, 1692(c)(a)(1), 1692d, 1692d(1), 1692d(2), 1692d(5), 1692e, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, 1692g, amongst others.

34. As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

## VI. SECOND CAUSE OF ACTION - ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (as to all Defendants except DUFEK)

35. Plaintiff repeats re-alleges and incorporates by reference all other paragraphs.

36. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code §1788 et.seq.

37. Defendants willfully and knowingly violated the provisions of the RFDCPA in the following respects:

38. Defendants violated Cal. Civil Code §1788.10(a) by threatening criminal means in an attempt to collect a debt; 1788.10(b) by threatening failure to pay a consumer debt is a crime; 1788.10(e) by threatening the failure to pay a consumer debt will lead to arrest.

39. Defendants violated Cal. Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity; 1788.11(d) by causing the telephone to ring repeatedly or continuously

1    to annoy the person called, 1788.11(e) by communicating by telephone with the debtor with

2    such frequency as to be unreasonable and constitute harassment.

3    40. Defendants violated Cal. Civ. Code § 1788.13(j), including its false statement that Defendants

4    had, or were about to, engage in legal action.

5    41. Defendants violated Cal. Civ. Code §1788.17 by violating those provisions of 15 U.S.C. §1692

6    et.seq., and engaging in abusive, unlawful, false and misleading communications, including

7    those set forth above.

8    42. Defendants failed to provide proper notice as required by Civil Code §1812.700.

9    ## VII.  THIRD CAUSE OF ACTION - INVASION OF PRIVACY

10   43. Plaintiff repeats, re-allege, and incorporate by reference all of the paragraphs above as

11   though fully stated herein.

12

13   44. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Plaintiff's

14   seclusion.

15   45. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

16   46. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily

17   reasonable person.

18   47. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of physical

19   and emotional injury as further described herein.

20   48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered

21   damages in an amount to be determined at trial.

22   49. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive

23   damages in an amount according to proof and a finder of fact at trial.

24   ## VIII.  FOURTH CAUSE OF ACTION - TORT-IN-SE

25   50. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as

26

1  though fully stated herein.

2  51. Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-

3  in-se."

4  52. Defendants violated 15 U.S.C. 1692 et seq. and Civil Code 1788.18 et seq. as noted above, and

5  are thus liable for tort-in-se. Defendants have also violated PC §519, § 524, and § PC 653m,

6  and are thus liable for tort-in-se.

7  53. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered

8  damages as outlined above.

9  54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an

10  amount to be determined at trial.

11
12  55. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive

13  damages in an amount to be determined at trial.

14  ## IX.  FIFTH CAUSE OF ACTION - CRIMINAL CONDUCT

15  56. Plaintiff repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as

16  though fully stated herein.

17  57. Defendants engaged in an unlawful and criminal course of conduct by making offensive

18  statements, and attempting extortion, in violation California's extortion statutes, including

19  Penal Code §§519 and 524. Defendants violated Penal Code 653m, by using an electronic

20  communication device to make obscene and offensive statements.

21  58. Plaintiff is entitled to recover actual and punitive damages.

22  59. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive

23  damages in an amount according to proof and a finder of fact at trial.

24  ## X.  SIXTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL
25  DISTRESS

26  60. Plaintiff repeats, re-allege, and incorporate by reference all of the paragraphs above as more

1   fully stated herein.

2   61. Defendants' outrageous, abusive and intrusive acts as described herein constituted intentional

3       infliction of emotional distress.

4   62. Defendants engaged in outrageous conduct by engaging in the actions herein described.

5   63. Defendants' conduct was intentional or done with a reckless disregard of the probability of

6       causing emotional distress.

7
    64. Plaintiff suffered severe and substantial emotional distress as a direct result of Defendants'
8
        outrageous, abusive, and intrusive conduct as described herein.
9
10  65. Plaintiff's emotional distress was a direct and proximate result of Defendants' outrageous

11      conduct as described herein.

12  66. It is clearly foreseeable that Defendants' actions as described herein could cause severe and

13      substantial emotional distress.

14  67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered

15      damages as outlined above.

16  68. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive

17      damages in an amount to be determined at trial.

18  **XI.  SEVENTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL**
                                   **DISTRESS**
19

20  69. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as more

21      fully stated herein.

22  70. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent

23      infliction of emotional distress.

24  71. Defendants' conduct as described herein was wrongful conduct in that the Defendants

25      conducted their business in an abusive, oppressive, and harassing manner.

26  72. Defendant's wrongful conduct as described herein actually and proximately caused the

Plaintiff severe and substantial emotional distress in that the Defendants wrongful conduct has caused the Plaintiff to suffer actual physical injury; and severe and substantial mental distress; as outlined above.

73. It is clearly foreseeable that Defendants' actions as described herein could cause severe and serious emotional distress.

74. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

75. Defendants acted with oppression, malice, and/or fraud, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## XII.  EIGTH CAUSE OF ACTION - NEGLIGENCE

76. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

77. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

78. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt and, said duties were breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.  Defendants' actions were willful, malicious, and wanton. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

79. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

80. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

### XIII.  NINTH CAUSE OF ACTION - NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

81. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

82. Defendants were negligent in the hiring, retention, training, and/or supervision of their employees and agents. Defendants actions and omissions constitute negligence in that Defendants owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

83. The actions and omissions of Defendants as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendants owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendants were willful, malicious, and wanton. The actions of Defendants were highly unreasonable and demonstrate an extreme departure from ordinary care.

84. Plaintiff suffered damages due to Defendants actions in an amount to be determined by proof by the finder of fact at trial.

85. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

### XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief from

Defendants:

    1. Actual damages;

    2. Statutory damages;

    3. Punitive and exemplary damages.

    4. Plaintiff's reasonable attorney fees;

    5. Costs of the action; and

    6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____    7/14/08
Ronald Wilcox, Attorney for Plaintiff    Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

_____    7/14/08
Ronald Wilcox, Attorney for Plaintiff    Date

COMPLAINT:  Page 12